UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------
MARILYN ALICEA, as Mother and Natural Guardian of A.W., an infant,

                          Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER FRANCISCO GARCIA, Shield No. 19234, Individually and in his Official Capacity, POLICE OFFICER EMERSON CHARLES, Shield No. 28595, Individually and in his Official Capacity, POLICE OFFICER JAMES TAGLIAMONTE, Shield No. 15404, Individually and in his Official Capacity, POLICE OFFICER ANTHONY MANGANO, Shield No. 27338, Individually and in his Official Capacity,

                          Defendants.
---------------------------------------------------------------------

**AMENDED COMPLAINT**
JURY TRIAL DEMANDED

15-CV-650 (JPO)

Plaintiff, A.W., by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

1. Plaintiff bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

### VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b),

in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, A.W., is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about August 9, 2014, at approximately 4:30 a.m., plaintiff A.W., was lawfully present near his home in the vicinity of 2102 Madison Avenue in New York County in the State of New York.

14. At that time and place, the individually named officers approached the plaintiff and placed him under arrest.

15. Defendants searched plaintiff, uncovering no evidence of criminal or unlawful activity.

16. Defendants did not find evidence of criminal or unlawful activity anywhere in the vicinity where plaintiff was at the time of his arrest.

17. Nevertheless, the defendant placed plaintiff in handcuffs with his hands secured tightly behind his back.

18. Plaintiff was thereafter transferred to a nearby police precinct.

19. At no time on or about August 9, 2014 did plaintiff commit any crime or violation of law.

20. At no time on or about August 9, 2014 did defendants possess probable cause to arrest plaintiff.

21. At no time on or about August 9, 2014 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

22. Despite the complete lack of evidence connecting plaintiff to any crime or violation of law, defendants attempted to charge plaintiff with one count of criminal possession of a controlled

substance in the third degree and one count of criminal possession of marijuana.

23.   Plaintiff was thereafter held for approximately twenty-four hours before the charges against him were declined prosecution by the New York County District Attorney's Office.

24.   As a result of the foregoing, plaintiff A.W. sustained, *inter alia*, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

25.   All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26.   All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

27.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

28.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

29.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

30.   Plaintiff A.W. repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

31. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

32. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

33. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

34. Defendants arrested and incarcerated plaintiff A.W., in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

       iii.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

       iv.    failing to properly train police officers in the requirements of the United States Constitution.

38. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

       i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

       ii.    arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

       iii.    falsifying evidence and testimony to support those arrests;

       iv.    falsifying evidence and testimony to cover up police misconduct.

39. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, A.W.

40. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

41. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

42. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was searched and placed under arrest unlawfully.

43. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

44. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

45. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
June 11, 2015

        Respectfully submitted,

        **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
        *Counsel for the Plaintiff*

By:   MATTHEW SHROYER (MS-6041)
       80 Maiden Lane, 12th Floor
       New York, New York 10038
       (212) 962-1020

Docket No.15-CV-00650 (JPO)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Marilyn Alicea, as mother and natural guardian of A.W., an infant,

                                                                           Plaintiff,

    -against-

The City of New York, Police Officer Francisco Garcia, Shield No. 19234, Individually and in his Official Capacity, and Police Officer "JOHN DOE", individually and in his Official Capacity, the name "JOHN DOE" being fictitious as the true names are not presently known,

                                                                           Defendants.

---

## AMENDED COMPLAINT

---

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Attorneys for Plaintiff*
**80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020**

---

TO:    Corporation Counsel
         CITY OF NEW YORK
         c/o New York City Law Dept
         100 Church Street
         New York, New York 10007

         Police Officer Emerson Charles, Shield No. 28595
         c/o New York City Police Dept-25th Precinct
         120 East 119th Street
         New York, New York 10035

         Police Officer Francisco Garcia, Shield No. 19234
         c/o New York City Police Dept-25th Precinct
         120 East 119th Street
         New York, New York 10035

         Police Officer James Tagliamonte, Shield No. 15404
         c/o New York City Police Dept-25th Precinct
         120 East 119th Street
         New York, New York 10035

         Police Officer Anthony Mangano, Shield No. 27388
         c/o New York City Police Dept-25th Precinct
         120 East 119th Street
         New York, New York 10035

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                                                                _____
                                                                                Matthew Shroyer